1   Ira Spiro, SBN 067641(ispiro@smbhblaw.com)
    Gregory N. Karasik, SBN 115834 (gkarasik@smbhblaw.com)
2   Spiro Moss Barness Harrison & Barge LLP
    11377 W. Olympic Blvd., Fifth Floor
3   Los Angeles, CA 90064-1683
    Telephone    310-235-2468
4   Fax:    310-235-2456

5   Bobby Debes, admitted pro hac vice
    Debes Law Firm
6   BD/International Tower, 1900 W. Loop South, Suite 1910
    Houston, TX 77027
7   bdebes@debeslaw.com
    Telephone    (713) 623-0900
8   Fax    (713) 623-0951

9   Martin A. Shellist, pro hac vice application to be submitted
    Shellist Lazarz, LLP
10   B/D International Building,1900 West Loop South, Suite 1910
    Houston, Texas 77027
11   mshellist@eeoc.net
    Telephone    (713) 621-2277
12   Fax:    (713) 621-0993

13   Attorneys for Plaintiffs

14                 UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| ROYA KOIKE and ADAM ODNERT, on behalf of themselves and all others similarly situated, and on behalf of the general public, | Case No. **C 06 CV 3215 VRW** |
| Plaintiffs, | **STIPULATION RE FILING OF SECOND AMENDED COMPLAINT AND** [~~PROPOSED~~] **ORDER THEREON** |
| vs. | |
| STARBUCKS CORPORATION, and DOES 1 through 20, | |
| Defendants. | |

26       Plaintiffs Roya Koike and Adam Odnert ("Plaintiffs"), and defendant Starbucks

27   Corporation ("Starbucks"), by and through their counsel of record, hereby enter into the

28   following Stipulation re Filing of Second Amended Complaint.

## STIPULATION

1.     Plaintiffs commenced this action in state court on April 4, 2006. Plaintiffs filed a First Amended Complaint in state court on April 6, 2006.

2.     On May 12, 2006, Starbucks removed this case to federal court.

3.     The initial scheduling conference in this matter is scheduled for September 26, 2006.

4.     Plaintiffs wish to file a Second Amended Complaint in the form attached hereto as Exhibit A. The Second Amended Complaint reorganizes Plaintiffs' claims and, now that Plaintiffs have complied with administrative prerequisites, adds a claim against Starbucks for civil penalties under California Labor Code Section 2699.

5.     Starbucks will suffer no prejudice from the filing of the proposed Second Amended Complaint at this early stage of litigation and has no objection to the filing of the Second Amended Complaint.

6.     The parties mutually request an order granting Plaintiffs leave to file the proposed Second Amended Complaint.

DATED: September 27, 2006     SPIRO MOSS BARNESS HARRISON & BARGE LLP

BY: _____
       Gregory N. Karasik

       Attorneys for Plaintiffs

DATED: September 26, 2006     AKIN GUMP STRAUSS HAUER & FELD LLP

BY: _____
       Gregory W. Knopp

       Attorneys for Defendant

## ORDER

The foregoing stipulation is approved and Plaintiffs are hereby granted leave to file the Second Amended Complaint proposed herein within 10 days after entry of this order.

Dated: Oct. 2, 2006 _____

_____
United States District Judge

EXHIBIT "A"

Ira Spiro, SBN 067641(ispiro@smbhblaw.com)
Gregory N. Karasik, SBN 115834 (gkarasik@smbhblaw.com)
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone      310-235-2468
Fax:              310-235-2456

Bobby Debes, admitted pro hac vice
Debes Law Firm
3D/International Tower, 1900 W. Loop South, Suite 1910
Houston, TX 77027
bdebes@debeslaw.com
Telephone      (713) 623-0900
Fax              (713) 623-0951

Martin A. Shellist, pro hac vice application to be submitted
Shellist Lazarz, LLP
3/D International Building,1900 West Loop South, Suite 1910
Houston, Texas 77027
mshellist@eeoc.net
Telephone      (713) 621-2277
Fax:              (713) 621-0993

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROYA KOIKE and ADAM ODNERT, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>　　　　　　Defendant. | ) Case No.  C 06 CV 3215 VRW<br>)<br>) **PLAINTIFFS' SECOND AMENDED**<br>) **COMPLAINT FOR DAMAGES,**<br>) **RESTITUTION AND CIVIL PENALTIES**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>) **CLASS ACTION**<br>)<br>)<br>)<br>) |

Roya Koike and Adam Odnert ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.      This class action arises out of the failure of defendant Starbucks Corporation ("Starbucks") to pay non-exempt assistant managers in the state of California ("Assistant

---

1

1  Managers") for work performed off the clock.  As a consequence of not paying Assistant

2  Managers for all of their time worked, Starbucks has failed to pay Assistant Managers minimum

3  wages in accordance with Labor Code Section 1197, overtime wages in accordance with Labor

4  Code Section 510, all wages owed every pay period in accordance with Labor Code Section 204,

5  and all wages owed upon termination of employment in accordance with Labor Code Sections

6  201 or 202.  In addition, not paying Assistant Managers all wages owed has resulted in Starbucks'

7  failure to provide them with accurate wage statements in accordance with Labor Code Section

8  226(a).  On behalf of themselves and similarly situated Assistant Managers, Plaintiffs seek

9  unpaid wages, liquidated damages, interest, statutory penalties and civil penalties under the

10  Labor Code, and restitution under Business and Professions Code Section 17203.

11  **JURISDICTION**

12       2.       This Court has jurisdiction over this class action pursuant to 28 U.S.C. Section

13  1332(d)(2).  The number of proposed class members is more than 100, the matter in controversy,

14  exclusive of interests and costs, exceeds the sum or value of $5,000,000 and Plaintiffs, at the

15  time this action was commenced, and at the time this case was removed from state court, were

16  citizens of a state different from Starbucks.  At all times relevant to this action, Plaintiff Roya

17  Koike was and has been a citizen of the state of California.  At the time this action was

18  commenced and at the time this case was removed from state court, Plaintiff Adam Odnert was a

19  citizen of the state of California.  At all times relevant to this action, Starbucks was and has been

20  a citizen of the state of Washington.

21  **VENUE**

22       3.       Venue is proper in this Court because work was performed by Plaintiffs and other

23  Assistant Managers for Starbucks in the City and County of San Francisco, and Starbucks'

24  obligations to compensate Assistant Managers in accordance with the Labor Code were breached

25  in the City and County of San Francisco.

26  **THE PARTIES**

27       A.       **Plaintiffs and Class Members**

28       4.       Plaintiff Roya Koike was employed by Starbucks as an Assistant Manager in

1 various stores in Northern California, starting at some point prior to April 4, 2002, until

2 approximately February 2006. During her employment with Starbucks as an Assistant Manager,

3 she was not paid for all of her time worked. Although Starbucks suffered or permitted her to

4 perform work off the clock, she was not paid for any of her time worked off the clock.

5      5.     Plaintiff Adam Odnert was employed by Starbucks as an Assistant Manager in

6 various stores in Northern California from approximately April 2003 through approximately

7 October 2003. During his employment with Starbucks as an Assistant Manager, he was not paid

8 for all of his time worked. Although Starbucks suffered or permitted him to perform work off

9 the clock, he was not paid for any of his time worked off the clock.

10      6.     Class members are similarly situated persons, employed as Assistant Managers by

11 Starbucks in the state of California during the applicable limitations period, who were not paid

12 for time worked off the clock.

13     **B.**    **Defendant**

14      7.     Starbucks is a corporation, organized and incorporated under the laws of the state

15 of Washington, which maintains its principal place of business in the state of Washington. At all

16 times relevant to this action, Starbucks operated stores and employed Assistant Managers (and

17 other employees) in the state of California.

18 **CLASS ACTION ALLEGATIONS**

19      8.     Plaintiffs bring this action on behalf of themselves and a class of similarly situated

20 Assistant Managers as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21 The class consists of the following persons, who can be identified from Starbucks' records:

22           All persons currently or formerly employed by Starbucks as an assistant manager
23           in a retail store in California at any time since April 4, 2002 (excluding any person
           who filed a consent to be a party plaintiff in *Falcon v. Starbucks Corporation*,
24           Case No. H-05-0792 presently pending in the United States District Court,
           Southern District of Texas).

25      9.     This action is brought and may be maintained as a class action under Rule 23(a) of

26 the Federal Rules of Civil Procedure.

27      a.     Numerosity. Class members are so numerous that joinder of all class members is

28 impracticable. Plaintiffs are informed and believe and thereon allege that there are presently

more than 4,500 class members. Plaintiffs are informed and believe and thereon allege that there are more than 1,300 members of the Late Final Wages Subclass described in paragraph 31 below and more than 100 members of the Civil Penalty Subclass described in paragraph 41 below.

      b.   <u>Commonality</u>.  There are questions of law or fact common to class members. These common questions include, but are not limited to:

      (1)   Did Starbucks have a policy or practice of not paying Assistant Managers for time worked off the clock?

      (2)   Did Starbucks violate Labor Code Section 1197 by not paying Assistant Managers all minimum wages owed?

      (3)   Did Starbucks violate Labor Code Section 510 by not paying Assistant Managers all overtime compensation owed?

      (4)   Did Starbucks violate Labor Code Section 201 or 202 by not paying Assistant Managers all wages owed at the time of termination?

      (5)   Are Assistant Managers entitled to recover continuation wages from Starbucks under Labor Code Section 203?

      (6)   Did Starbucks violate Labor Code Section 204 by not paying Assistant Managers all wages owed every pay period?

      (7)   Did Starbucks violate Labor Code Section 226(a) by not providing Assistant Managers with accurate wage statements?

      (8)   Are Assistant Managers entitled to recover penalties against Starbucks under Labor Code Section 226(e)?

      (9)   Did Starbucks engage in unfair competition, in violation of Business and Professions Code Section 17200, by engaging in the unlawful practices alleged herein?

      (10)   Are Assistant Managers entitled to recover restitution from Starbucks under Business and Professions Code Section 17203?

      (11)   Are Assistant Managers entitled to recover attorney's fees in this action?

      (12)   Are Assistant Managers entitled to recover pre-judgment interest in this

SECOND AMENDED COMPLAINT
Case No. C 06 CV 3215 VRW

action?

      (13)    Are Assistant Managers entitled to recover penalties against Starbucks under Labor Code Section 2699?

    c.    <u>Typicality</u>.  The claims of Plaintiffs are typical of the claims of other class members.  Plaintiffs and other Assistant Managers have suffered the same or similar injury based on a course of conduct which is not unique to Plaintiffs, but which has commonly affected Assistant Managers.

    d.    <u>Adequate Representation</u>.  Plaintiffs will fairly and adequately protect the interests of the class members.  Plaintiffs do not have any conflicts of interest with other Assistant Managers, and Plaintiffs will vigorously prosecute this action on behalf of other Assistant Managers.  Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

    10.    This case is brought and may be maintained as a class action under Rule 23(b)(1) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

    a.    <u>Risk of Inconsistent Judgments</u>.  The unlawful payment practices of Starbucks alleged herein constitute a course of conduct common to Assistant Managers.  Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Starbucks and/or substantially impair or impede the ability of individual class members to protect their interests.

    b.    <u>Predominant Questions of Law or Fact</u>.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated Assistant Managers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief.  A class action will serve an important

1  public interest by permitting Assistant Managers harmed by Starbucks' unlawful practices to

2  effectively pursue recovery of the sums owed to them.

3       11.    Plaintiffs are not aware of any difficulties that are likely to be encountered in the

4  management of this action that would preclude its maintenance as a class action.

### FIRST CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGES

7       12.    Plaintiffs incorporate paragraphs 1 through 11 of this complaint as if fully alleged

8  herein.

9       13.    At all relevant times, Plaintiffs and other Assistant Managers were employees of

10  Starbucks covered by Labor Code Section 1197, Wage Order 5-2001 and Wage Order MW-

11  2001.

12       14.    Pursuant to Labor Code Section 1197, Wage Order 5-2001 and Wage Order MW-

13  2001, Plaintiffs and other Assistant Managers were entitled to receive minimum wages for all

14  hours worked.

15       15.    Starbucks failed to pay Plaintiff and other Assistant Managers minimum wages

16  for all hours worked in violation of Labor Code Section 1197, Wage Order 5-2001 and Wage

17  Order MW-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times

18  within the applicable limitations period, Starbucks maintained a policy or practice of suffering or

19  permitting Assistant Managers to work off the clock without compensating them for any of their

20  hours worked off the clock.

21       16.    As a result of Starbucks' unlawful conduct, Plaintiffs and other Assistant

22  Managers have suffered damages in an amount, subject to proof, to the extent they were not paid

23  minimum wages for all hours actually worked.

24       17.    Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiffs and other Assistant

25  Managers are entitled to recover the full amount of their unpaid minimum wages, interest

26  thereon, liquidated damages, reasonable attorney's fees and costs of suit.

27  ///

28  ///

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME WAGES

18. Plaintiffs incorporate paragraphs 1 through 11 of this complaint as if fully alleged herein.

19. At all relevant times, Plaintiffs and other Assistant Managers were employees of Starbucks covered by Labor Code Section 510 and Wage Order 5-2001.

20. Pursuant to Labor Code Section 510 and Wage Order 5-2001, Plaintiffs and other Assistant Managers were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday.

21. Starbucks failed to pay Plaintiffs and other Assistant Managers overtime wages in accordance with Labor Code Section 510. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Starbucks maintained a policy or practice of suffering or permitting Assistant Managers to work overtime hours off the clock without compensating them for any of their overtime hours worked off the clock.

22. As a result of Starbucks' unlawful conduct, Plaintiffs and other Assistant Managers have suffered damages in an amount, subject to proof, to the extent they were not paid for overtime wages earned.

23. Pursuant to Labor Code Section 1194, Plaintiffs and other Assistant Managers are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY ALL WAGES EACH PAY PERIOD

24. Plaintiffs incorporate paragraphs 1 through 23 of this complaint as if fully alleged herein.

25. At all relevant times, Plaintiffs and other Assistant Managers were employees of Starbucks covered by Labor Code Section 204.

26.     Pursuant to Labor Code Section 204, Plaintiffs and other Assistant Managers were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

27.     Starbucks failed to pay Plaintiffs and other Assistant Managers all wages earned each pay period on the regular payday for the pay period.  Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Starbucks maintained a policy or practice of suffering or permitting Assistant Managers to work off the clock without compensating them for any of their hours worked off the clock.

28.     As a result of Starbucks' unlawful conduct, Plaintiffs and other Assistant Managers have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

29.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiffs and other Assistant Managers are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorney's fees and costs of suit.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO PAY ALL WAGES OWED AT TERMINATION

30.     Plaintiffs incorporate paragraphs 1 through 29 of this complaint as if fully alleged herein.

31.     At all relevant times, Plaintiffs and other Assistant Managers whose employment with Starbucks terminated within the applicable limitations period (the "Late Final Wages Subclass") were employees of Starbucks covered by Labor Code Section 201 or 202.

32.     At all relevant times, Plaintiffs and other members of the Late Final Wages Subclass were entitled upon termination to payment of all wages earned and unpaid prior to termination pursuant to Labor Code Sections 201 or 202.  Discharged employees were entitled to payment of their earned and unpaid wages immediately upon termination.  Employees who resigned were entitled to payment of their earned and unpaid wages within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of their earned and unpaid wages at the time of resignation.

33.     Starbucks failed to pay Plaintiffs and other members of the Late Final Wages Subclass all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiffs are informed and believe and thereon allege that at all relevant times during the applicable limitations period, Starbucks maintained a policy or practice of suffering or permitting Assistant Managers to work off the clock without compensating them for any of their hours worked off the clock.

34.     Starbucks' failure to pay Plaintiffs and other members of the Late Final Wages Subclass all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Plaintiffs are informed and believe and thereon alleges that Starbucks had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.

35.     Pursuant to Labor Code Section 201 or 202, Plaintiffs and other members of the Late Final Wages Subclass are entitled to all wages earned prior to termination that Starbucks did not pay them.

36.     Pursuant to Labor Code Section 203, Plaintiffs and other members of the Late Final Wages Subclass are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

37.     As a result of Starbucks' unlawful conduct, Plaintiffs and other members of the Late Final Wages Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

38.     As a result of Starbucks' unlawful conduct, Plaintiffs and other members of the Late Final Wages Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

39.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiffs and other members of the Late Final Wages Subclass are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code Section 203, interest thereon, reasonable attorney's fees and costs of suit.

### FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

40.    Plaintiffs incorporate paragraphs 1 through 39 of this complaint as if fully alleged herein.

41.    At all relevant times, Plaintiff Roya Koike and other Assistant Managers who were employed at any time since April 4, 2005 (the "Civil Penalty Subclass") were employees of Starbucks covered by Labor Code Section 226.

42.    Pursuant to Labor Code Section 226(a), Plaintiff Roya Koike and other members of the Civil Penalty Subclass were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing:

        a.    gross wages earned;

        b.    net wages earned; and

        c.    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

43.    Starbucks failed to provide Plaintiff Roya Koike and other members of the Civil Penalty Subclass with accurate itemized statements in accordance with Labor Code Section 226(a).  Plaintiff Roya Koike is informed and believes and thereon allege that at all relevant times during the applicable limitations period, Starbucks maintained a policy or practice of suffering or permitting Assistant Managers to work off the clock without compensating them for any of their hours worked off the clock.  The wage statements received by Assistant Managers who worked off the clock did not accurately show the gross or net wages earned or the number of hours worked.

44.    Starbucks' failure to provide Plaintiff and other members of the Civil Penalty Subclass with accurate wage statements was knowing and intentional.  Starbucks had the ability to provide Plaintiffs and other members of the Civil Penalty Subclass with accurate wage statements but intentionally provided wage statements that Starbucks knew were not accurate.

45.    As a result of Starbucks' unlawful conduct, Plaintiff Roya Koike and other

members of the Civil Penalty Subclass have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Starbucks' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and has led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

46. Pursuant to Labor Code Section 226(e), Plaintiff Roya Koike and other members of the Civil Penalty Subclass are entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226(a) occurred, and one hundred dollars for each violation of Labor Code Section 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee, for violations of Labor Code Section 226(a) that have occurred since April 4, 2005.

47. Pursuant to Labor Code Sections 218.5 and/or 226(e), Plaintiff Roya Koike and other members of the Civil Penalty Subclass are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

### UNFAIR COMPETITION

48. Plaintiffs incorporate paragraphs 1 through 47 of this complaint as if fully alleged herein.

49. The unlawful conduct of Starbucks alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. Due to its unfair and unlawful business practices in violation of the Labor Code, Starbucks has gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees for all earned wages as required by law.

50. As a result of Starbucks' unfair competition as alleged herein, Plaintiffs and other Assistant Managers have suffered injury in fact and lost money or property. Plaintiffs and other

1    Assistant Managers have been deprived of their rights to minimum wages, overtime wages,

2    timely payment of all earned wages each pay period; timely payment of all earned wages due

3    upon termination of employment, continuation wages, and accurate wage statements.

4         51.    Pursuant to Business and Professions Code Section 17203, Plaintiffs and other

5    Assistant Managers are entitled to restitution of all wages and other monies rightfully belonging

6    to them that Starbucks failed to pay them and wrongfully retained by means of its unlawful and

7    unfair business practices.

8         52.    Plaintiffs and other Assistant Managers are entitled to recover reasonable

9    attorney's fees in connection with their unfair competition claims pursuant to Code of Civil

10   Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

11                        **SEVENTH CLAIM FOR RELIEF**

12        53.    Plaintiff incorporates paragraphs 1 through 47 of this complaint as if fully alleged

13   herein

14        54.    Within the one year period preceding the filing of the complaint in this action (the

15   "Civil Penalty Period"), Starbucks violated Labor Code Sections 201, 202, 204, 226(a), 510 and

16   1197.

17        55.    Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf

18   of himself and other current or former employees, to bring a civil action to recover civil penalties

19   pursuant to the procedures specified in Labor Code Section 2699.3.

20        56.    Plaintiffs have complied with the procedures for bringing suit specified in Labor

21   Code Section 2699.3.  By letter dated August 17, 2006, Plaintiffs gave written notice by certified

22   mail to the Labor and Workforce Development Agency ("LWDA"), and written notice to

23   Starbucks by regular mail to its counsel (who agreed that notice by this method would be deemed

24   compliance with Section 2699.3) of the specific provisions of the Labor Code alleged to have

25   been violated, including the facts and theories to support the alleged violations.  A true and

26   correct copy of this letter is attached hereto as Exhibit A.  By letter dated September 13, 2006,

27   the LWDA notified Plaintiffs and Starbucks that it did not intend to investigate the alleged

28   violations.  A true and correct copy of this letter is attached hereto as Exhibit B.

57. Pursuant to Labor Code Sections 2699(a) and (f), Plaintiff Roya Koike and other members of the Civil Penalty Subclass are entitled to recover civil penalties for Starbucks' violations of Labor Code Sections 201, 202, 204, 226(a), 510 and 1197 during the Civil Penalty Period in the following amounts:

      a. For violation of Labor Code Section 201 or 202, one hundred dollars ($100) for each employee per pay period for the initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation [penalty amounts established by Labor Code Section 2699(f)(2)];

      b. For violation of Labor Code Section 204, one hundred dollars ($100) for the initial failure to pay each employee, and for each subsequent violation, two hundred dollars ($200) for each failure to pay each employee plus 25% of the amount unlawfully withheld [penalty amounts established by Labor Code Section 210];

      c. For violation of Labor Code Section 226(a), two hundred fifty dollars ($250) per employee for initial violation and one thousand dollars ($1,000) per employee for each subsequent violation [penalty amounts established by Labor Code Section 226.3];

      d. For violation of Labor Code Section 510, fifty dollars ($50) for each employee for each pay period in addition to an amount sufficient to recover unpaid wages for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each employee for each pay period in addition to an amount sufficient to recover unpaid wages [penalty amounts established by Labor Code Section 558].

      g. For violation of Labor Code Section 1197, one hundred dollars ($100) for each underpaid employee for each pay period for the initial violation, and for each subsequent violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period [penalty amounts established by Labor Code Section 1197.1]

58. Pursuant to Labor Code Section 2699(g), Plaintiff Roya Koike and other members of the Civil Penalty Subclass are entitled to an award of reasonable attorney's fees and costs in connection with their claims for civil penalties.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated Assistant Managers, pray for relief and judgment against Starbucks as follows:

**CLASS CERTIFICATION**

    A.    An order that the action be certified as a class action;

    B.    An order that Plaintiffs be certified as representative of the class;

    C.    An order that counsel for Plaintiffs be confirmed as class counsel;

**ON THE FIRST CLAIM FOR RELIEF**

    D.    Damages for unpaid minimum wages;

    E.    Pre-judgment interest;

    F.    Liquidated damages under Labor Code Section 1194.2;

    G.    Reasonable attorney's fees under Labor Code Section 1194;

**ON THE SECOND CLAIM FOR RELIEF**

    H.    Damages for unpaid overtime wages;

    I.    Pre-judgment interest;

    J.    Reasonable attorney's fees under Labor Code Section 1194;

**ON THE THIRD CLAIM FOR RELIEF**

    K.    Damages for unpaid wages each pay period;

    L.    Pre-judgment interest;

    M.    Reasonable attorney's fees under Labor Code Section 218.5;

**ON THE FOURTH CLAIM FOR RELIEF**

    N.    Damages for unpaid wages at the time of termination;

    O.    Damages for unpaid continuation wages;

    P.    Pre-judgment interest;

    Q.    Reasonable attorney's fees under Labor Code Section 218.5;

**ON THE FIFTH CLAIM FOR RELIEF**

    R.    Penalties under Labor Code Section 226(e);

    S.    Reasonable attorney's fees under Labor Code Section 218.5 and/or 226(e);

1  **ON THE SIXTH CLAIM FOR RELIEF**

2         T.      Restitution of all unpaid wages and other monies unlawfully withheld and/or

3  retained by Starbucks in violation of Business and Professions Code Section 17200;

4         U.      Reasonable attorney's fees under Code of Civil Procedure Section 1021.5, the

5  substantial benefit doctrine and/or the common fund doctrine;

6  **ON THE SEVENTH CLAIM FOR RELIEF**

7         V.      Civil penalties under Labor Code Section 2699;

8         W.     Attorney's fees under Labor Code Section 2699(g);

9  **ON ALL CLAIMS FOR RELIEF**

10        X.     Judgment in favor of Plaintiffs and the class and against Starbucks;

11        V.     Costs of suit; and

12        Z.     Such other relief as the Court deems just and proper.

13  DATED: September 22, 2006      SPIRO MOSS BARNESS HARRISON & BARGE LLP

14

15        By: _____
         GREGORY N. KARASIK

16        Attorneys for Plaintiff

17  **DEMAND FOR JURY TRIAL**

18     Plaintiffs demand a trial by jury for themselves and the class on all claims so triable.

19  DATED: September 22, 2006      SPIRO MOSS BARNESS HARRISON & BARGE LLP

20

21        By: _____
         GREGORY N. KARASIK

22        Attorneys for Plaintiff

# SPIRO MOSS BARNESS HARRISON & BARGE LLP

## Attorneys at Law

11377 W. Olympic Boulevard • Fifth Floor • Los Angeles, California 90064
Telephone (310) 235-2468 • Facsimile (310) 235-2456

August 17, 2006

VIA CERTIFIED MAIL

Victoria L. Bradshaw
Secretary, Labor & Workforce Development Agency
801 K Street
Sacramento, California 95814

Re: Labor Code 2699 Notice Letter
On Behalf of Aggrieved Employees Roya Koike and Adam Odnert

Employer: Starbucks Corporation

Dear Ms. Bradshaw:

This letter shall constitute notification under Labor Code § 2699.3(a)(1) that Roya Koike and Adam Odnert allege that their former employer, Starbucks Corporation, has violated various provisions of the Labor Code as a result of not paying hourly assistant managers for "off the clock" work. Specifically, Ms. Koike and Mr. Odnert contend that, within the applicable limitations periods, Starbucks:

1. Failed to pay them and other assistant managers minimum wages for all hours worked in violation of Labor Code Section 1197;

2. Failed to pay them and other assistant managers overtime wages for all overtime hours worked in violation of Labor Code Section 510;

3. Failed to pay them and other assistant managers, at the time of termination, for all wages earned prior to termination, in violation of Labor Code Section 201 or 202;

4. Failed to pay them and other assistant managers, on each regular payday, for all wages earned during the pay period for that payday, in violation of Labor Code Section 204; and

5. Failed to provide them and other assistant managers with accurate wage statements in violation of Labor Code Section 226(a).

EXHIBIT ___A___

Victoria L. Bradshaw
August 17, 2006
page 2


Please advise within the required time period whether or not the LWDA intends to investigate these alleged violations.  If no such notice is provided within 33 calendar days of the postmark date of this letter, Ms. Koike and Mr. Odnert may proceed with a civil action for penalties pursuant to Labor Code Section 2699.

Sincerely,

SPIRO MOSS BARNESS HARRISON & BARGE LLP

Gregory N. Karasik


cc: Starbucks Corporation



# Labor & Workforce Development Agency

**Governor**
Arnold
Schwarzenegger

**Secretary**
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

September 13, 2006

Gregory N. Karasik
Law Offices of Spiro Moss
Barness Harrison & Barge, LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA   90064

CSC – Lawyers Incorporating Service
Agent for Service of Process for
Starbucks Corporation
P.O. Box 526036
Sacramento, CA   95852-6036

Re:    LWDA No: 1567
       Employer:  Starbucks Corporation
       Employee:  Roya Koike, et al.

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked August 17, 2006 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code".  Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement.

Sincerely,

*Richard L Rice*

Richard L. Rice
Undersecretary

EXHIBIT ___B___

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ROYA KOIKE, and ADAM ODNERT, on
behalf of themselves and all others similarly
situated, and on behalf of the general public,

Plaintiffs,

vs.

STARBUCKS CORPORATION, and DOES
1 through 20,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.  3:06-cv-3215-VRW**

## **CERTIFICATE OF SERVICE**

    I certify that on September 27, 2006, I served a copy of **Stipulation Re Filing of Second Amended Complaint and [Proposed] Order Thereon** dated September 27, 2006, via electronic filing with the CM/ECF system, upon:

Catherine A. Conway
Gregory William Knopp
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

DATED: September 27, 2006      SPIRO MOSS BARNESS HARRISON & BARGE LLP

BY:    _____
Gregory N. Karasik
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
(310) 235-2468
gkarasik@smbhblaw.com
Attorneys for Plaintiffs