Ira Spiro, SBN 067641(ira@spiromoss.com)
Gregory N. Karasik, SBN 115834 (greg@spiromoss.com)
Spiro Moss Barness LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone 310-235-2468
Fax: 310-235-2456

Bobby Debes, admitted pro hac vice
Debes Law Firm
3D/International Tower, 1900 W. Loop South, Suite 1910
Houston, TX 77027
bdebes@debeslaw.com
Telephone (713) 623-0900
Fax (713) 623-0951

Martin A. Shellist, pro hac vice application to be submitted
Shellist Lazarz, LLP
3/D International Building,1900 West Loop South, Suite 1910
Houston, Texas 77027
mshellist@eeoc.net
Telephone (713) 621-2277
Fax: (713) 621-0993

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROYA KOIKE and ADAM ODNERT, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION, and DOES 1 through 20,<br><br>Defendants. | **Case No. C 06 CV 3215 VRW**<br><br>**STIPULATION RE CONTINUANCE OF DEADLINE FOR COMPLETING CERTIFICATION RELATED DISCOVERY AND HEARING ON MOTION FOR CLASS CERTIFICATION** |

Plaintiffs Roya Koike and Adam Odnert ("Plaintiffs"), and defendant Starbucks Corporation ("Starbucks"), hereby enter into the following Stipulation and request the Court to approve said stipulation and enter an order in accordance therewith.

## STIPULATION

Background

1. This case involves claims that Starbucks, as a matter of policy and/or practice, fails to pay Assistant Managers for all time worked in violation of California law. Specifically, Plaintiffs contend that Assistant Managers are regularly required to work "off the clock" without compensation for that work. Starbucks denies Plaintiffs' allegations, and disputes that this case can be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

2. Starbucks operates more than 1,500 retail stores in California and the putative class consists of more than 4,500 current and former Assistant Managers.

3. By order dated January 19, 2007, this Court scheduled Plaintiffs' motion for class certification to be heard and a further case management conference to be held on August 2, 2007. Although the Court did not set a specific deadline for completing certification related discovery, the Court's order effectively requires Plaintiffs to file their motion for class certification, and thus complete certification related discovery beforehand, by June 28, 2007.

4. Despite diligent efforts by all parties, the nature of this case and various discovery disputes prevent completion of certification related discovery in sufficient time for Plaintiffs to prepare adequately a motion for class certification by June 28, 2007.

History of Discovery Disputes

5. The parties did not commence discovery until August 2006 following the meeting of counsel under Rule 26(d). Since the inception of discovery, various disputes arose that have delayed the discovery process, including the following:

   a. Communications With Potential Class Members

   In August 2006, Plaintiff propounded interrogatories requesting Starbucks to provide the

name and address of putative class members. Starbucks objected. Ultimately, in January 2007, the parties reached an agreement whereby Plaintiffs would receive the names of up to 750 putative class members who did not object to disclosure of their names and addresses. Plaintiffs received this information in March 2007 in accordance with the parties' January 19, 2007 stipulation and order.

b. Complaint Related Documents

In August 2006, Plaintiffs requested various documents, including documents relating to wage related complaints. Starbucks initially objected on the grounds of relevance and undue burden. After a telephonic conference with the court in December 2006, the parties anticipated scheduling depositions to address Starbucks' undue burden objections. Subsequently, after meet and confer efforts, the parties took those depositions off calendar and arrived at an agreement on March 23, 2007 with respect to the scope of complaint related documents Starbucks would produce. Starbucks recently produced those documents on May 24, 2007.

c. Payroll Records

In August 2006, Plaintiffs requested various records, including payroll records for putative class members. Starbucks objected on the grounds of undue burden. Ultimately, the parties reached an agreement on a sampling of records to be produced. Starbucks commenced production of the sampling of payroll records on February 23, 2007 and concluded the production on April 16, 2007.

d. Deposition Scheduling

Two factors have complicated deposition scheduling in this matter. First, Starbucks' corporate headquarters is located in Seattle. Second, a nationwide lawsuit has been brought against Starbucks alleging failure to pay Assistant Managers in violation of the FLSA. That lawsuit, known as the *Falcon* lawsuit, is presently pending in federal court in Texas. The cases have not been deemed related because Plaintiffs have excluded from the class definition in this case all current or former Assistant Managers from California who agreed to pursue their claims

against Starbucks under the FLSA in the *Falcon* case. Counsel for plaintiffs in the *Falcon* case are co-counsel in this case.

In December 2006 and February 2007 (after review of several thousands of documents produced by Starbucks between November 2006 and January 2007) Plaintiffs noticed 30(b)(6) depositions on the following topics:

1) Starbucks organizational structure;

2) Starbucks operational structure;

3) Starbucks managerial structure;

4) Starbucks communications systems;

5) Starbucks systems for recording communications;

6) Starbucks systems for storing records of communications;

7) Starbucks systems for making time records;

8) Starbucks systems for storing time records;

9) Starbucks policies/procedures regarding complaints about unpaid wages;

10) Starbucks policies/procedures regarding investigations of complaints about unpaid wages;

11) Starbucks policies/procedures regarding records of investigations of complaints about unpaid wages;

13) Starbucks policies/procedures regarding the recording of hours worked;

14) Starbucks policies/procedures regarding the reporting of hours worked;

15) Starbucks policies/procedures regarding the changing of entries in records of time worked;

16) Starbucks policies/procedures regarding the auditing of time records;

17) Starbucks policies/procedures regarding the scheduling or allowing of overtime;

18) Starbucks reclassification of Assistant Managers in California from

exempt to non-exempt in September 2002 and

19) The job duties of Assistant Managers.

As a result of the parties agreements with respect to document production issues, and the fact that counsel in the *Falcon* case took the depositions of Starbucks personnel on some of these issues in the *Falcon* case (that Starbucks agreed could be used in this case), Plaintiffs eventually took the deposition of a Starbucks representative, on April 17 and 18, 2007, with respect to topics 1, 2, 3, 17, 18 and 19, and agreed to defer depositions on the other topics.

Following this deposition, Plaintiffs noticed 30(b)(6) depositions on the following topics:

20) Starbucks Automated Labor Scheduling (ALS) System;

21) Incentive compensation for managers;

22) Complaints regarding unpaid wages;

23) Materials relating to implementation of new job descriptions for Assistant Managers in September 2002;

24) A particular job description document (Exhibit 11) the deponent on April 17 and 18 did not have sufficient knowledge to testify about;

25) Daily store operations;

26) Training of Assistant Managers;

27) Labor Budgets;

28) Job descriptions of Store Managers;

29) Performance evaluations for Assistant Managers

Of these topics, depositions to date have been scheduled on topics 21 (for June 14 in Seattle); 20 and 27 (for June 15 in Seattle); 26 (for June 18 in Los Angeles); and 25 and 29 (for June 26in Los Angeles). Plaintiffs have agreed to defer the remaining topics in part because of the supplemental production of documents by Starbucks in May 2007 and also pending review of deposition testimony elicited in the *Falcon* case.

6. Other Pending Discovery

a. Plaintiffs' Depositions

The parties are in the process of scheduling the noticed depositions of the individual Plaintiffs. Starbucks initially noticed Plaintiffs' depositions for December 2006 but took them off calendar due to the unavailability of its counsel. In the past several weeks, Starbucks has endeavored to put the depositions back on calendar, but has experienced difficulty given the Plaintiffs' schedules, the coordination of other depositions, and the locations of Plaintiffs and counsel (Seattle, San Francisco, Los Angeles). The parties expect to complete Plaintiffs' depositions in July 2007.

b. Potential Disputes

The parties continue to meet and confer and hope to resolve various discovery issues regarding further 30(b)(6) depositions and Plaintiffs' request for production of certain email.

Proposed Modification of Litigation Schedule

7. The parties agree that, despite their reasonable efforts, in light of the nature and history of this case, discovery relating to class issues cannot be completed before the June 28, 2007 deadline effectively established by the court's January 19 order. The parties therefore agree that the deadline for completion of discovery related to class issues be extended at least 45 days, to a date no sooner than August 14, 2007, and request that the class certification hearing and further case management conference presently scheduled for August 2 be continued for at least forty five days to a date convenient for the court no earlier than September 17, 2007.

General Understandings

8. Starbucks does not admit or concede that plaintiffs can establish any of the requirements for maintaining a class action. This stipulation shall be without prejudice to any arguments or contentions Starbucks may wish to raise in opposition to certification of this case as a class action.

9. This stipulation shall be without prejudice to any other discovery that may be sought by either party, or any objections in response thereto. Each party also reserves the right to

Case 3:06-cv-03215-VRW Document 60 Filed 06/18/2007 Page 7 of 7

seek modification or limitation of this stipulation upon a showing of good cause.

DATED: June 8, 2007 SPIRO MOSS BARNESS LLP

BY: ______________________
Gregory N. Karasik
Attorneys for Plaintiffs

DATED: June 8, 2007 AKIN GUMP STRAUSS HAUER & FELD LLP

BY: ______________________
Gregory W. Knopp
Attorneys for Defendant

**ORDER**

The foregoing stipulation is hereby approved and the parties are ordered to comply with this order. In addition, the Court orders that the class certification hearing and further case management conference previously scheduled for August 2, 2007 shall be continued to October 11, 2007.

Dated: 6/19/2007

______________________
United States District Judge