Ira Spiro, SBN 067641 (ira@spiromoss.com)
Gregory N. Karasik, SBN 115834 (greg@spiromoss.com)
Spiro Moss Barness LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone    310-235-2468
Fax:         310-235-2456

Bobby Debes, admitted pro hac vice
Debes Law Firm
3D/International Tower, 1900 W. Loop South, Suite 1910
Houston, TX 77027
bdebes@debeslaw.com
Telephone    (713) 623-0900
Fax          (713) 623-0951

Martin A. Shellist, pro hac vice application to be submitted
Shellist Lazarz, LLP
3/D International Building, 1900 West Loop South, Suite 1910
Houston, Texas 77027
mshellist@eeoc.net
Telephone    (713) 621-2277
Fax:         (713) 621-0993

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYA KOIKE and ADAM ODNERT, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION, and DOES 1 through 20,<br><br>Defendants. | **Case No. C 06 CV 3215 VRW**<br><br>**STIPULATION RE BRIEFING SCHEDULE AND HEARING ON MOTION FOR CLASS CERTIFICATION and [proposed] ORDER** |

1

Plaintiffs Roya Koike and Adam Odnert ("Plaintiffs"), and defendant Starbucks Corporation ("Starbucks"), hereby enter into the following Stipulation and request the Court to approve said stipulation and enter an order in accordance therewith.

## STIPULATION

1. This case involves claims that Starbucks, as a matter of policy and/or practice, fails to pay Assistant Managers for all time worked in violation of California law. Specifically, Plaintiffs contend that Assistant Managers are regularly required to work "off the clock" without compensation for that work. Starbucks denies Plaintiffs' allegations, and disputes that this case can be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

2. During the alleged class period, from April 4, 2002 to the present, Starbucks has operated more than 1,500 retail stores in California and the putative class consists of more than 4,500 current and former Assistant Managers.

3. On August 15, 2006, the parties submitted a Joint Case Management Statement and proposed Case Management Order. At that time, the parties agreed on a briefing schedule for Plaintiffs' anticipated motion for class certification that would allow the parties sufficient time to depose any experts whose testimony was submitted in connection with the motion. The parties incorporated this understanding into the following two paragraphs:

   a) Plaintiffs shall disclose any expert testimony submitted in support of their motion for class certification at the same time they serve their motion. Starbucks shall disclose any expert testimony submitted in opposition to Plaintiffs' motion for class certification at the same time it serves its opposition papers. If Plaintiffs submit expert testimony to contradict or rebut expert testimony submitted by Starbucks in connection with Plaintiffs' motion for class certification, Plaintiffs shall disclose that expert testimony at the same time they serve their reply papers.

   b) Plaintiffs intend to file a motion for class certification after completion of initial discovery. Plaintiffs' motion for class certification shall be filed within 60 days after the deadline

for completion of initial discovery. Starbucks' opposition to Plaintiffs' motion shall be filed within 60 days after service of Plaintiffs' motion. Plaintiffs' reply shall be filed within 45 days after service of the opposition. Any party may seek an extension of these deadlines upon a showing that discovery necessary for opposing or replying needs to be completed and could not with reasonable diligence have been completed during the discovery period.

4. On September 26, 2006, the Court issued a Civil Pretrial Minute Order scheduling Plaintiff's motion for class certification, and a further case management conference, for hearing on April 19, 2007.

5. Pursuant to stipulations filed by the parties, the Court extended the hearing date for the class certification motion (and the further case management conference) to accommodate the parties' requests for more time to complete certification related discovery and resolve discovery disputes. Most recently, by Order dated September 10, 2007, the Court rescheduled the hearing on the class certification motion for December 6, 2007.

6. Based on the December 6, 2007 hearing date, Local Rules require that Plaintiffs serve and file their motion papers no later than November 1, 2007, and that Starbucks serve and file their opposition papers no later than November 15, 2007. The parties are prepared to serve and file their moving and opposition papers in accordance with those deadlines.

7. On or about August 30, 2007, Plaintiffs' counsel learned that a company named Field Research Corporation ("FRC") had made calls to putative class members on behalf of Starbucks to solicit information that Plaintiffs believe to be relevant to Plaintiffs' off the clock allegations. Immediately thereafter, Plaintiffs served a subpoena duces tecum on FRC in accordance with Rule 45 of the Federal Rules of Civil Procedure. The subpoena required FRC to produce communications between FRC and Starbucks and documents reflecting communications between FRC and Starbucks employees concerning overtime, hours worked or off the clock work.

8. By letter dated September 6, 2007, Starbucks objected to the subpoena on the

grounds of attorney work product and attorney client privilege. Starbucks advised that FRC had been retained as a consulting expert specifically for this litigation. At the request of Plaintiffs' counsel, Starbucks subsequently provided a "privilege" log listing the documents withheld by FRC.

9.  Plaintiffs maintain that, notwithstanding Starbucks assertions of privilege, they are entitled to discovery of some or all of the documents listed on the privilege log. Through meet and confer efforts, the parties have reached an amicable resolution of this dispute that avoids the need for a discovery motion. The parties have agreed that Plaintiffs will withdraw the subpoena provided that, if Starbucks identifies FRC as a testifying expert and uses FRC reports in opposition to Plaintiffs' motion for certification, then the hearing date on the motion shall be extended to give Plaintiffs a reasonable amount of time to take the deposition of FRC before submitting their reply papers. The parties agree that this approach presents a fair and reasonable procedure, consistent with their original agreement on a briefing schedule for Plaintiffs' motion for class certification, that preserves the rights of all parties.

10.  The parties agree and mutually request the Court to order that, if Starbucks identifies FRC as a testifying expert and uses FRC reports in opposition to Plaintiffs' motion for certification, the following orders shall apply:

a)  at the time it discloses FRC as a testifying expert, Starbucks shall disclose, in addition to any existing reports described in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the documents responsive to the subpoena served on FRC;

b)  the hearing on Plaintiffs' motion for class certification shall be continued for approximately 45 days; and

///

    c)    Starbucks shall make FRC available for deposition within two weeks after making its expert witness disclosures.

DATED: October 22, 2007        SPIRO MOSS BARNESS LLP

BY: _____
Gregory N. Karasik
Attorneys for Plaintiffs

DATED: October 22, 2007        AKIN GUMP STRAUSS HAUER & FELD LLP

BY: _____
Gregory W. Knopp
Mark R. Curiel
Attorneys for Defendant

## ORDER

The foregoing stipulation is hereby approved and the parties are ordered to comply with this order. If Starbucks identifies FRC as a testifying expert and uses FRC reports in opposition to Plaintiffs' motion for certification, then it is hereby ordered that:

    a)    at the time it discloses FRC as a testifying expert, Starbucks shall disclose, in addition to any existing reports described in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the documents responsive to the subpoena served on FRC;

    b)    ~~the hearing on Plaintiffs' motion for class certification shall be continued to _____, 2008.~~ The hearing on Plaintiffs' motion for class certification and Defendant's motion for summary judgment with respect to Adam Odnert shall be continued to **January 31, 2008 at 2:30 PM.** Plaintiff's opposition to the motion for summary judgment is due 11/29/2007. Reply to the motion for summary judgment is due 12/13/2007.

///

  c) Starbucks shall make FRC available for deposition within two weeks after making its expert witness disclosures.

~~In the event Starbucks does not identify FRC as a testifying expert or use FRC reports in opposition to Plaintiffs' motion for certification, it is hereby ordered that Plaintiffs' motion for class certification, and the further case management conference, shall remain on calendar for December 6, 2007 as presently scheduled.~~

Dated: Oct. 23, 2007



IT IS SO ORDERED AS MODIFIED

Judge Vaughn R Walker

6

STIPULATION AND PROPOSED ORDER
Case No. C 06 CV 3215 VRW

**PROOF OF SERVICE**
Koike vs. Starbucks Corporation
United States District Court - Northern District C 06 CV 3215 VRW

I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., 5th Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss Barness LLP.

On the date set forth below I served the document(s) described as: **STIPULATION RE BRIEFING SCHEDULE AND HEARING ON MOTION FOR CLASS CERTIFICATION AND [PROPOSED] ORDER** on all the interested parties in this action, by placing: [ ] the original [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss Barness LLP:

> Catherine A. Conway
> Gregory William Knopp
> Mark R. Curiel
> Chelsea Munday
> AKIN GUMP STRAUSS HAUER & FELD
> 2029 Century Park East, Suite 2400
> Los Angeles, California 90067
> Tel.: (310) 728-3266

[X] **BY MAIL**: On the date set forth below I deposited such envelope(s), in a mailbox regularly maintained by the U.S. Postal Service in Los Angeles County, California. The envelope(s) was/were deposited with postage thereon fully prepaid.

[ ] **(BY PERSONAL SERVICE)**: I personally served said document(s) on the date set forth below, by leaving them, inside the envelope(s) clearly labeled to identify the attorney(s) being served, at the offices of the attorney(s) listed above, at the address(es) listed above, with a receptionist or other person having charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.

[ ] **BY FACSIMILE** On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Los Angeles County, California, on October 22, 2007

Emily Moss